### CAMPBELL v CAMPBELL et

Ohio Appeals, 2nd Dist, Preble Co
No. 69. Decided January 31, 1931

Galvin & Babin, Cleveland, and Kusworm & Shaman, Dayton, for Anne Mae Campbell.
Foos & Foos, Eaton and S. M. Young, Cleveland, for Thomas J. Campbell et.

## KUNKLE, PJ.

We have considered with care the pleadings in this case and also the rather exhaustive briefs which have been filed by counsel. We shall not attempt to discuss the authorities cited in the briefs in detail but will content ourselves with announcing the conclusion at which we have arrived after considering the averments of the pleadings. It is sufficient to say that many of the statements of fact contained in the brief of counsel for appellant do not appear in the pleadings and as no other record has been submitted to us it will be unnecessary to refer to same.

In brief, plaintiff seeks to assert and enforce a lien upon the property which, according to the pleadings, the title to which is in the name of Thomas J. Campbell, in satisfaction of a judgment which was obtained against Raymond Aldus Campbell. The pleadings concede that the title to this property was in Thomas J. Campbell. Counsel for plaintiff in their brief state that this property was conveyed to Thomas J. Campbell by his son, Raymond Aldus Campbell a few days before the marriage of Raymond Aldus Campbell to the plaintiff for the purpose of defeating her in her rights. This fact does not appear in the pleadings but however that may be and whatever the force and effect of the judgment of the Court of Common Pleas of Cuyahoga County over the property in Preble County may be, it is apparent that all such judgment attempted to do was to create a lien against the interest of Raymond Aldus Campbell in said property. According to the admitted facts in the pleadings the title to the property is not in Raymond Aldus Campbell and was not at the time when such judgment was rendered. This is not a proceeding to set aside the deed from Raymond Aldus Campbell to Thomas J. Campbell by reason of its having been executed in fraud of the rights of the plaintiff but is a foreclosure proceeding. Various Ohio authorities are stressed in the briefs, among others those in **104 Oh St, 7** and **121 Oh St, 188.** In the case of **Reed v Reed, 121 Oh St, 188,** it appears that the property sought to be reached was in the name of the defendant against whom the judgment had been rendered. This and various other cases cited have little bearing as the title to this property is not and was not when the judgment was rendered in the name of Raymond Aldus Campbell, against whom the judgment was rendered. The decree in this court will be the same as in the lower court.

ALLREAD and HORNBECK, JJ, concur.